SPIZZ COHEN & SERCHUK, P.C.
Attorneys for Defendant First Central Savings Bank
425 Park Avenue
New York, New York 10022
(212) 754-9400
Alex Spizz (AS-5508)
Joseph P. Cervini, Jr. (JC-6143)
Jill Makower (JM-4842)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-9-15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
COLLAVINO CONSTRUCTION CO., INC.,

      Plaintiff,    Index No. 14-cv-9003 (RWS)

  - v -

QUADROZZI CONCRETE CORP., QUADROZZI
EQUIPMENT LEASING CORP., iCRETE, LLC,
PATRICK QUADROZZI, HINMAN, HOWARD &
KATTELL, LLP, ABC CORPORATIONS 1-10, and
JOHN DOES 1-10,

      Defendants.
----------------------------------------x

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------x
COLLAVINO CONSTRUCTION CO., INC.,

      Plaintiff,    Index No. 159030/2012

  - v -

QUADROZZI CONCRETE CORP., QUADROZZI
EQUIPMENT LEASING CORP., iCRETE, LLC,
PATRICK QUADROZZI, HINMAN, HOWARD &
KATTELL, LLP, ABC CORPORATIONS 1-10, and
JOHN DOES 1-10,

      Defendants.
----------------------------------------x

*This motion is unopposed and granted. So ordered. Sweet, USDJ 2-6-15*

287249v1

**DEFENDANT FIRST CENTRAL SAVINGS BANK'S MOTION TO CHANGE VENUE OF ADVERSARY PROCEEDING PURSUANT TO 28 U.S.C. §1412 AND BANKRUPTCY RULE 7087**

**TO: HONORABLE ROBERT W. SWEET
UNITED STATES DISTRICT JUDGE**

First Central Savings Bank ("First Central"), a defendant in the above-captioned removed action (the "Adversary Proceeding"), hereby submits this motion pursuant to 28 U.S.C. §1412 and Rule 7087 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order transferring the Adversary Proceeding to the United States Bankruptcy Court for the Eastern District of New York, Brooklyn Division (the "EDNY Bankruptcy Court"), where the Chapter 11 case of defendant Quadrozzi Concrete Corp. ("QCC" or the "Debtor") is pending, on the grounds that the change of venue would serve the interest of justice and the convenience of the parties.

## INTRODUCTION

1. On July 8, 2013 (the "Petition Date"), petitioning creditors Patrick Quadrozzi, Suffolk Materials Corp. and Roanoke Sand & Gravel Corp. (the "Petitioning Creditors") filed an involuntary Chapter 7 bankruptcy case against the Debtor in the EDNY Bankruptcy Court, Case No. 13-44180 (ESS) (the "Bankruptcy Case").

2. On August 6, 2013, the EDNY Bankruptcy Court entered an order granting the Debtor's motion to convert the involuntary Chapter 7 case to Chapter 11, and directed that the Debtor file a Chapter 11 voluntary petition within three business days. The Debtor filed its Chapter 11 voluntary petition on August 14, 2013.

3. Since August 6, 2013, and through the present time, the Debtor has been operating as a debtor-in-possession. The Debtor's Bankruptcy Case is still pending in

287249v1      2

the EDNY Bankruptcy Court.

4. Prior to the Petition Date, Collavino Construction Co., Inc. ("Collavino") filed the above-captioned interpleader action under Index No. 159030/2012 (the "Civil Interpleader Action") in the New York Supreme Court, New York County (the "State Court"). First Central appeared in the place of a defendant ABC Corporation and is a defendant in the Civil Interpleader Action.

5. Pursuant to a settlement in the litigation entitled <u>Collavino Construction Company, Inc. v. Quadrozzi Concrete Corp. and Quadrozzi Equipment Leasing Corp.</u>, Supreme Court, New York County, Index No. 101828/2010 (the "Collavino/Quadrozzi Action"), Collavino agreed to pay the Debtor and Quadrozzi Equipment Leasing Corp. (together, the "Quadrozzi Companies") the sum of $300,000.00 (the "Settlement Amount"), which represented a full settlement of all claims set forth in the Collavino/Quadrozzi Action. The Settlement Amount was not paid by Collavino because of completing liens and claims to the funds that existed.

6. Collavino filed the Civil Interpleader Action to have the State Court "determine which, among the competing claimants, is entitled to the Settlement Amount, what, if any, apportionment of the Settlement Amount is required to be made, or otherwise how to disburse the Settlement Amount, without subjecting itself to potential statutory, common law or other liability..." (Interpleader Complaint, ¶ 32).

7. First Central filed an Answer in the Civil Interpleader Action on July 3, 2013, which asserted its priority claim to the Settlement Amount.[1]

8. On July 8, 2013, the Debtor's Bankruptcy Case was commenced. Pursuant to the involuntary Chapter 7 bankruptcy petition filed against the Debtor on the July 8, 2013 Petition Date, the Civil Interpleader Action was stayed automatically against the Debtor. See 11 U.S.C. §362(a). As of the Petition Date, answers had been filed in the Civil Interpleader Action, but no motion practice had occurred.

9. On November 12, 2014, First Central filed a Notice of Removal in the State Court, which removed the Civil Interpleader Action to this Court. Upon the filing of a copy of the Notice of Removal with the Clerk of the State Court, the removal of the Civil Interpleader Action was effected. See Fed. R. Bankr. P. 9027(c). (A copy of the Notice of Filing of Notice of Removal, with attached Notice of Removal, is annexed hereto as **Exhibit "A"**.)

10. In order to remove a claim or cause of action under 28 U.S.C. §1452, the district court must have jurisdiction of such claim or cause of action under 28 U.S.C. §1334. See 28 U.S.C. §1452(a). The Civil Interpleader Action is a proceeding over which this Court has jurisdiction under 28 U.S.C. §1334 because it is "related to" the Debtor's Bankruptcy Case within the meaning of 11 U.S.C. §1334. See 11 U.S.C.

---

[1] First Central holds an interest in the Settlement Amount based upon a March 18, 2009 revolving line of credit loan in the amount of $1,100,000.00 from First Central as the lender and QCC as the borrower (the "Revolving Line of Credit"), as set forth in: (a) a Revolving Commercial Loan Note; (b) a Security Agreement; and (c) a Loan Agreement, all of which are dated March 18, 2009. Pursuant to a Commercial Loan Guaranty, with Theresa Quadrozzi and John Quadrozzi, Jr. as guarantors, also dated March 18, 2009, the borrower's indebtedness and obligations under the Revolving Line of Credit were unconditionally guaranteed. First Central also filed a UCC 1, on March 16, 2009, which perfected its security interest in, *inter alia*, Debtor's collateral, inventory and accounts. The Debtor defaulted on its obligations and as of the Petition Date, the amount owed to First Central as principal and interest under the Revolving Line of Credit is $979,739.38.

287249v1                    4

1334(b). The Second Circuit has held that "related to" jurisdiction may be established under §1334(b) if the outcome of the litigation "might have any 'conceivable effect' on the bankrupt estate." In re Cuyahoga Equipment Corp., 980 F.2d 110, 114 (2d Cir.1992) (citing In re Turner, 724 F.2d 338, 340-41 (2d Cir.1983); see also In re Karta Corp., 296 B.R. 305, 310 (S.D.N.Y.2003) ("the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.").

11. "Related to" jurisdiction exists over the Civil Interpleader Action because the outcome of such litigation might have a "conceivable effect" on the Debtor's bankruptcy estate in that it would result in funds being paid to the Debtor.

12. Due to the fact that the Civil Interpleader Action is related to the Debtor's Bankruptcy Case, removal of the Civil Interpleader Action to this Court was authorized by 28 U.S.C. §§1452(a), 1334(b) and 157.

13. The removal of the Civil Interpleader Action was timely under Bankruptcy Rule 9027(a)(2), and the removal did not violate the automatic stay. See In re Babekov, 2009 Bankr. LEXIS 5514, at * 6-7 (Bankr. E.D.N.Y. 2009) ("Any action to assert a pre-petition claim against the debtor which would otherwise be enjoined by 11 U.S.C. 362(a), if initiated in any other context, is not subject to the automatic stay if commenced in the bankruptcy court where the debtor's bankruptcy case is pending.... The automatic stay would not apply to a case removed to the forum of the debtor's bankruptcy case..."); See also In re Atreus Enterprises, Ltd., 120 B.R. 341, 346 (Bankr.

S.D.N.Y. 1990).

14. The Adversary Proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(A) because it concerns the administration of the Debtor's estate and under 28 U.S.C. §157(b)(2)(O) because it affects the liquidation of the assets of the Debtor's estate.

### TRANSFER OF VENUE OF THE ADVERSARY PROCEEDING IS APPROPRIATE UNDER 28 U.S.C. §1412

15. By this motion, First Central seeks to change the venue of the Adversary Proceeding to the EDNY Bankruptcy Court, pursuant to 28 U.S.C. § 1412 and Bankruptcy Rule 7087, in the interests of justice and for the convenience of the parties.

16. "Transfer of venue is governed by section 1404(a) of Title 28 of the United States Code with respect to non-core proceedings and section 1412 of Title 28 of the United States Code with respect to core proceedings." McHale v. Citibank, N.A., 2009 U.S. Dist. LEXIS 74943, at * 16-17 (S.D.N.Y. Aug. 24, 2009), citing Northwest Airlines, Inc. v. Los Angeles (In re Northwest Airlines Corp.), 384 B.R. 51 (S.D.N.Y. 2008).

17. Bankruptcy Rule 7087 provides that:

> On motion and after a hearing, the court may transfer an adversary proceeding or any part thereof to another district pursuant to 28 U.S.C. §1412, except as provided in Rule 7019(2).

Fed.R.Bankr.P. 7087.

18. 28 U.S.C. § 1412 provides:

> A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.

287249v1                                6

28 U.S.C. §1412.

19. The parameters of 28 U.S.C. §1412 are written in the alternative. Pursuant to 28 U.S.C. §1412, the Court must grant relief if it is established that a transfer of venue would be proper if it is (1) in the interest of justice or (2) for the convenience of the parties. See 28 U.S.C. §1412.

20. It is the movant's burden to demonstrate by a preponderance of the evidence that a transfer of venue is warranted. In re Enron Corp., 274 B.R. 327, 342 (Bankr. S.D.N.Y. 2002). Therefore, a movant may satisfy either standard by a preponderance of the evidence and be entitled to the relief requested. First Central submits that the preponderance of the evidence shows that both elements of §1412 are established.

21. The decision of whether to transfer venue is within the court's discretion based on an individualized case-by-case analysis of convenience and fairness. In re Manville Forest Products Corp., 896 F.2d 1384, 1391 (2d Cir. 1990); Enron, 274 B.R. at 342.

22. The Second Circuit has observed that "the district in which the underlying bankruptcy case is pending is presumed to be the appropriate district for hearing and determination of a proceeding in bankruptcy." Manville, 896 F.2d at 1391. Accord Official Committee of Asbestos Claimants of G-I Holding, Inc. v. Heyman, 306 B.R. 746, 749 (S.D.N.Y.2004); Official Comm. of Unsecured Creditors v. Transpacific Corp. Ltd. (In re Commodore Int'l Ltd.), 242 B.R. 243, 261 (Bankr. S.D.N.Y. 1999) (recognizing the "strong public interest in centralization of all core matters in the bankruptcy court"); N. Parent, Inc. v. Cotter & Co. (In re N. Parent, Inc.), 221 B.R. 609, 622 (Bankr. D. Mass.

1998) ("Retaining core proceedings in this Court. . . .promotes the well-defined policy goals of centralizing all bankruptcy matters in a specialized forum to ensure the expeditious reorganization of debtors."); In re Mercury Masonry Corp., 114 B.R. 35, 39 (Bankr. S.D.N.Y. 1990) ("enforcement of the forum selection clause would violate the public's interest in centralizing bankruptcy proceedings in the bankruptcy court where the case is pending.").

23.  Transfer under Section 1412 requires consideration of substantially the same factors as transfer under 28 U.S.C. § 1404(a). Heyman, 306 B.R. at 749 (S.D.N.Y.2004). Those factors include:

> (1) the plaintiff's choice of forum; (2) the locus of the operative facts; (3) the convenience and relative means of the parties; (4) the convenience of witnesses; (5) the availability of process to compel the attendance of witnesses; (6) the location of physical evidence; (7) the relative familiarity of court with the applicable law; and (8) the interests of justice, including the interests of trial efficiency.

Id. at 749-50.

24.  Here, the relevant factors strongly militate in favor of transfer, as shown below.

25.  The interests of justice and the public interest in the centralization of all bankruptcy proceedings weigh heavily in favor of granting this motion to transfer venue. See Manville Forest Products Corp., 896 F.2d 1384, 1391 (2d Cir.1990)("the district in which the underlying bankruptcy case is pending is presumed to be the appropriate district for hearing and determination of a proceeding in bankruptcy."). It is respectfully submitted that this is a core proceeding which should be determined by the Bankruptcy Court with jurisdiction over the Debtor's Bankruptcy Case.

26. Moreover, "there is a strong policy favoring the litigation of related claims in the same tribunal in order that pretrial discovery can be conducted more efficiently, duplicative litigation can be avoided, thereby saving time and expense for both parties and witnesses, and inconsistent results can be avoided." Heyman, 306 B.R. at 751. See also APA Excelsior III L.P. v. Premiere Technologies, Inc., 49 F.Supp.2d 664, 668 (S.D.N.Y.1999) ("It is well established that the existence of a related action pending in the transferee court weighs heavily towards transfer.").

27. The weight normally attached to the plaintiff's choice of forum is effectively cancelled out in this case by the presumption that this proceeding should be heard in the same district as the underlying bankruptcy. See Heyman, 306 B.R. at 750. In addition, given that the courthouses for this District and the Eastern District of New York are not far apart, there is no reason to believe that transfer would have a substantial adverse impact on any party's ability to prosecute or defend the case.

28. Because of the close proximity of the Southern and Eastern Districts of New York, the location of documents favors neither party. The same can be said with respect to factors relating to the convenience of parties and witnesses, as well as the availability of service of process.

29. Based on the above, a transfer of venue is appropriate for the interests of justice and the convenience of the parties.

## NOTICE

30. This Motion is being served upon Collavino's counsel, all parties to the Civil Interpleader Action, the U.S. Trustee for the Southern District of New York and the U.S. Trustee for the Eastern District of New York, and all persons who filed notices of appearance in the Debtor's Bankruptcy Case or in the Civil Interpleader Action. First

287249v1  9

Central respectfully submits that such notice is adequate and sufficient.

31.     No prior application for the relief requested herein has been made to this or any other Court.

## CONCLUSION

32.     Given the foregoing factual and legal considerations, it is respectfully submitted that this Court should exercise its discretion to transfer the Adversary Proceeding to the United States Bankruptcy Court for the Eastern District of New York, Brooklyn Division.

Dated: New York, New York
       December 4, 2014

                SPIZZ COHEN & SERCHUK, P.C.
                *Attorneys for First Central Savings Bank, Defendant*

                By: _s/ Jill Makower_
                Alex Spizz
                Joseph P. Cervini, Jr.
                Jill L. Makower
                425 Park Avenue, 5th Floor
                New York, New York 10022
                Tel: (212) 754-9400

**EXHIBIT "A"**

Case 1:14-cv-09003-RWS   Document 7   Filed 02/09/15   Page 12 of 13
FILED: NEW YORK COUNTY CLERK 11/12/2014 05:05 PM                INDEX NO. 159030/2012
NYSCEF DOC. NO. 6  Case 1:14-cv-09003-RWS   Document 3   Filed 12/04/14   Page 12 of 13       RECEIVED NYSCEF: 11/12/2014

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------ x
COLLAVINO CONSTRUCTION CO., INC.,

                         Plaintiff,                    Index No. 159030/2012

- v -                                     **NOTICE OF FILING OF NOTICE OF REMOVAL**

QUADROZZI CONCRETE CORP., QUADROZZI
EQUIPMENT LEASING CORP., iCRETE, LLC,
PATRICK QUADROZZI, HINMAN, HOWARD &
KATTELL, LLP, ABC CORPORATIONS 1-10, and
JOHN DOES 1-10,

                        Defendants.
------------------------------------------ x

**PLEASE TAKE NOTICE**, that on November 12, 2014, defendant First Central Savings Bank, appearing in the place of a defendant ABC Corporation, filed a Notice of Removal, a copy of which is attached hereto, in the Office of the Clerk of the United States District Court for the Southern District of New York, and that pursuant to Fed.R.Bankr.P. 9027(c), there shall be no further proceedings in this State Court unless and until the case is remanded to this State Court.

Dated: New York, New York
         November 12, 2014

                                                SPIZZ COHEN & SERCHUK, P.C.

                                                By: _____
                                                Joseph P. Cervini, Jr. (JC-6143)
                                                Jill Makower (JM-4842)

                                                425 Park Avenue
                                                New York, New York 10022
                                                (212) 754-9400

                                                *Attorneys for Interpleader Defendant*
                                                *First Central Savings Bank*

287203v1

TO:   Clerk of the Court
      NY Supreme Court, New York County
      60 Centre Street
      New York, NY 10007